UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CURTIS JAMES JACKSON, III,<br><br>        Plaintiff,<br><br> v.<br><br>CHERI MEDIA, LLC,<br><br>        Defendant. | Case No.: 18-cv-5934<br><br>**COMPLAINT FOR WILLFUL COPYRIGHT INFRINGEMENT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Curtis James Jackson, III ("Plaintiff" or "Mr. Jackson"), by and through his undersigned counsel, for his Complaint against Defendant Cheri Media, LLC ("Defendant" or "Cheri Media"), hereby alleges as follows:

## STATEMENT OF THE CASE

1. This is an action for damages and injunctive relief arising from Defendant's willful infringement of the registered copyright for a photograph owned by Mr. Jackson. This action arises out of Defendant's unauthorized reproduction and display of a copyrighted photograph of a meeting between Mr. Jackson and Bellator MMA. The photograph is owned and the subject of an application for copyright registration by Mr. Jackson.

2. Defendant's conduct is causing and, unless immediately enjoined, will continue to cause enormous and irreparable harm to Mr. Jackson. Thus, Defendant's conduct must immediately be enjoined and Mr. Jackson must be compensated for Defendant's willful acts of infringement.

## PARTIES

3. Plaintiff Mr. Jackson is an individual who resides in Connecticut and conducts business in New York.

4. Upon information and belief, Defendant Cheri Media is a limited liability company organized and existing under the laws of the State of Nevada and having an office and principal

place of business at 1540 N. McCadden Pl. Unit 3, Los Angeles, CA 90028.  Defendant also has offices in New York and Georgia.  Defendant owns the publication HipHopDx, an online magazine located at the website *www.hiphopdx.com.*

## JURISDICTION AND VENUE

5. This claim arises under the Copyright Act, 17 U.S.C. § 101 et seq., and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. This Court has personal jurisdiction over Defendant because, among other things, Defendant has an office in New York, is doing business in New York, and the act of infringement complained of herein occurred in New York.

7. Venue is proper pursuant to 28 U.S.C. §§ 1391(b) and 1400.

## STATEMENT OF FACTS

### Mr. Jackson's Ownership of the Photograph

8. On June 25, 2018, Christopher Conrad photographed a meeting between Mr. Jackson and Bellator MMA (the "Photograph").  A true and correct copy of the Photograph is attached hereto as Exhibit A.

9. On June 26, 2018, with Mr. Conrad's authorization, Mr. Jackson published the Photograph to his Instagram account, @50cent.

10. On June 28, 2018, Mr. Conrad irrevocably transferred and assigned to Mr. Jackson all rights, title, and interest, throughout the word, including any copyrights and renewals or extensions thereto, and any accrued cause of action, in the Photograph.  A true and correct copy of the assignment is attached hereto as Exhibit B.

11. Mr. Jackson is the sole owner of all right, title, and interest in and to the Photograph, including the copyright thereto.

12.     The Photograph is the subject of Mr. Jackson's application for copyright registration filed with the U.S. Copyright Office on June 28, 2018 with special handling (Service Request No. 1-6720634211) (the "'211 Copyright Application").  Mr. Jackson is awaiting the issuance of registration.  A copy of the '211 Copyright Application and deposit copy is attached hereto as <u>Exhibit C</u>.

Defendant's Infringing Activities

13.     Upon information and belief, on or about June 27, 2018, Defendant ran an article on its website *www.hiphopdx.com* entitled "50 Cent Didn't Sell 'Get The Strap' To Bellator MMA for $1M."  *See https://hiphopdx.com/news/id.47449/title.50-cent-didnt-sell-get-the-strap-to-bellator-mma-for-1m*.  The article prominently featured the Photograph separate and distinct from Mr. Jackson's Instagram post.  A true and correct copy of the article from June 28, 2018 is attached hereto as <u>Exhibit D</u>.

14.     Defendant never licensed the Photograph from the owner for its article, nor did Defendant ever have the owner's permission or consent to reproduce and display the Photograph.

15.     Upon information and belief, Defendant understands that intellectual property is a valuable asset, knew or should have known that the Photograph was copyrighted, and knew or should have known that it did not have license, permission, or consent to reproduce and display the Photograph.

16.     On June 27, 2018, Mr. Jackson posted a screenshot of the article to his Instagram account with the caption: "This shit is fake news Justin Ivey, you better go fact check.  Matter of fact I'm gonna sue you and this website for using my picture in the morning."  A true and correct copy of the Instagram post is attached hereto as <u>Exhibit E</u>.

17.     Upon information and belief, on or about June 28, 2018, Defendant updated the text

of the article, but continued to make use of the Photograph separate and distinct from Mr. Jackson's Instagram post.  *See* Exhibit D.

  18. Defendant continues to reproduce and display the Photograph.

### COUNT I
### COPYRIGHT INFRINGEMENT

  19. Mr. Jackson repeats and realleges the allegations contained in the preceding paragraphs as though fully set herein.

  20. This claim arises under the copyright laws of the United States, 17 U.S.C. § 101 et seq.

  21. Defendant infringed the copyright in the Photograph by reproducing and displaying the Photograph on its website.

  22. The reproduction and display of the Photograph by Defendant was and is without the license, permission, or consent of the owner.

  23. Defendant's acts alleged herein constitute violations of the exclusive rights of Mr. Jackson under 17 U.S.C. §§ 106 and 113 and constitute infringement under 17 U.S.C. § 501.

  24. Upon information and belief, Defendant knew or should have known that the Photograph was copyrighted and that it did not have license, permission, or consent to reproduce and display the Photograph, and, therefore, its infringement was knowing and willful.

  25. As a direct and proximate cause of the infringement by Defendant, Mr. Jackson is entitled to his damages and Defendant's profits.  Alternatively, Mr. Jackson is entitled to statutory damages in the amount of $150,000 per work willfully infringed by Defendant.

  26. Defendant's continuing acts of copyright infringement are damaging to Mr. Jackson in a manner for which Mr. Jackson has no adequate remedy at law and Mr. Jackson is suffering irreparable harm as a result of the acts of Defendant.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff Mr. Jackson prays that the Court grant the following relief:

a.  A judgment that Defendant has infringed and is infringing the copyright in the Photograph, including but not limited to the copyright represented by the '211 Copyright Application;

b.  For Mr. Jackson's damages and Defendant's profits in such amount as may be found; alternatively, for maximum statutory damages in the amount of $150,000 with respect to each copyrighted work infringed either directly or indirectly, or for such other amounts as may be proper pursuant to 17 U.S.C. § 504(c);

c.  For preliminary and permanent injunctions enjoining Defendant, and its respective agents, servants, employees, officers, successors, licensees, and assigns, and all persons acting in concert or participation with each or any of them, from directly or indirectly infringing the copyright in the Photograph;

d.  An award of Mr. Jackson's attorneys' fees, costs, and disbursements in this action; and

e.  Such other and further relief at law or in equity as the Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff Mr. Jackson hereby demands a trial by jury in this action on all claims so triable.

Dated: New York, New York
       June 29, 2018

Respectfully submitted,

**ROBINS KAPLAN LLP**

<u>/s/ Paul V. LiCalsi</u>
Paul V. LiCalsi
Reena Jain
399 Park Avenue, Suite 3600
New York, New York 10022
Tel.: (212) 980-7400
Fax: (212) 980-7499
PLiCalsi@RobinsKaplan.com
RJain@RobinsKaplan.com

***Attorneys for Plaintiff***
***Curtis James Jackson, III***